UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VASILIS SIDERATOS,

Plaintiff,

v. Case No. 8:26-cv-2252-TPB-CPT

BOB GUILTEIRE, et al.,

Defendants.
______________________________________/

**ORDER**

Vasilis Sideratos, a pretrial detainee in the Falkenburg Road Jail,[1] files a *pro se* Complaint (Doc. 1), an application to proceed in forma pauperis (Doc. 2), an Emergency Motion for Preliminary Injunctive Relief (Doc. 3), and a Motion to file Emergency Preliminary Injunctive Relief Exhibits Under Seal. (Doc. 4)

Sideratos's filings are mostly incomprehensible and illegible. The twelve-page Complaint is handwritten in pencil on white and blue paper. Where Sideratos's writing is legible, it contains disjointed phrases, along with

[1] Judicially noticed records show that Sideratos faces charges of attempted second degree murder, arson of a dwelling, and aggravated battery with a deadly weapon. *State v. Bailey*, No. 2026-CF-003783-A (Fla. 13th Jud. Cir.). Sideratos was adjudged incompetent to proceed and involuntarily committed to the Department of Children and Families for treatment. *Id.* at Dkt. 62. *See* Hillsborough Online Viewing of Electronic Records at https://hover.hillsclerk.com (last accessed August 5, 2026).

seemingly unrelated and fantastical claims. For example, he writes, "MOSAIC, Owning 3 operating a minefield, which is alleged to procure acids move [illegible] and dispose of bodies for freemasons." (Doc. 1 at 1–2) In what appears to be a list of defendants, he writes, "H.C.S.O. officer who stated, if you did that in my country, I'd kill you, in response to plaintiff stating he slept on the roof of the house." (*Id.* at 2) Under the subsection titled "Statement of Facts," he seems to state that detectives, under the direction of opposing counsel, arrived at his home "under the guise of a threat assessment" in order to thwart his filing of a "strong motion." (*Id.* at 4) The detectives allegedly inquired about his attic and the discolored ceiling. (*Id.*) Sideratos's incomprehensible allegations continue for several pages in which he appears to describe incidents in which he was prevented from returning to his home after a court injunction and law enforcement officers appeared at his home for a welfare check. (*Id.* at 7–8) In a subsection titled "Arguments," Sideratos references retaliation, the FLSA, medical indifference, and illegal detention. (*Id.* at 9–10)

Sideratos's Complaint must be dismissed because although he lists 42 U.S.C. § 1983 as the basis of the Court's jurisdiction, he asserts no facts to support a claim redressable under that statute. Sideratos's mere reference to 42 U.S.C. § 1983 is insufficient to invoke this Court's federal-question jurisdiction. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (stating that a federal court "not only has the power but also the obligation at

any time to inquire into jurisdiction whenever" there is a possibility that jurisdiction does not exist).

Furthermore, even if Sideratos made sufficient references to federal statutes to invoke the Court's jurisdiction, his Complaint must be dismissed because it consists of statements that are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (quotations and alterations omitted). And, when the nature of a Complaint is not discernible, a court is not "required to comb through an incomprehensible pleading in order to cobble together a claim on Plaintiff's behalf." *Gold v. Geo Gr., Inc.*, No. 2:16-cv-73, 2016 WL 7034404, at *4 (M.D. Fla. Dec. 2, 2016). The "leniency" provided to *pro se* litigants "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (cleaned up). "The relevant question is what claims the parties made, not what claims could have been made." *Bennett v. United States*, No. 25-12187, 2026 WL 671692, at *1 (11th Cir. Mar. 10, 2026) (citing *Nalco Co. v. Bonday*, 142 F.4th 1336, 1341 (11th Cir. 2025)).

The only discernable portion of Sideratos's Complaint is his reference to an earlier lawsuit in which he "attempted to seek redress for crimes & violation[s] perpetrated by [the Pinellas County Sheriff's Office]." (Doc. 1 at 1) Sideratos refers to *Sideratos v. Gualtieri*, 8:24-cv-2986-SDM-AAS, an earlier-

filed § 1983 case in which he sued Sheriff Gualtieri and others for unlawful search and seizure and unlawful arrest. Sideratos's claims in that earlier case were dismissed with prejudice upon his notice of voluntary dismissal, and that case remains closed. 8:24-cv-2986-SDM-AAS, Dkts. 98 and 100.

In the present Complaint, Sideratos states that "he was threatened & intimidated by local actors [and counsel for Sheriff Gualtieri] to drop [his] lawsuit." (Doc. 1 at 1) However, Sideratos cannot revive claims in this case that were previously dismissed with prejudice in the earlier case. Accordingly, to the extent that Sideratos attempts to pursue claims previously dismissed with prejudice in *Sideratos v. Gualtieri*, 8:24-cv-2986-SDM-AAS, such claims are dismissed with prejudice.

In his Emergency Motion for Preliminary Injunctive Relief, Sideratos complains that he has been denied legal materials, access to the law library, and copies of court records. (Doc. 3) He moves the Court to order the defendants to provide him access to the law library, the ability to copy and print documents, and a supply of paper, pencils, and envelopes. (*Id.* at 4) In his Motion to file Emergency Preliminary Injunctive Relief Exhibits Under Seal, he requests permission to file unidentified exhibits under seal in order to "protect the privacy and accidental dissemination of private and sensitive records such as juvenile arrest records." (Doc. 4)

"'A district court may grant a preliminary injunction only if the moving party establishes that: (1) it has a substantial likelihood of success on the merits; (2) it will suffer an irreparable injury unless the injunction is granted; (3) the harm from the threatened injury outweighs the harm the injunction would cause the opposing party; and (4) the injunction would not be adverse to the public interest.'" *Wood v. Fla. Dep't Educ.*, 142 F.4th 1286, 1289 (11th Cir. 2025) (quoting *Gonzalez v. Governor of Ga.*, 978 F. 3d 1266, 1270–71 (11th Cir. 2020)). "The purpose of a temporary restraining order, like a preliminary injunction, is to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits." *Schiavo ex rel. Schindler v. Shiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005). "A preliminary injunction is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion' to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)).

Sideratos has not shown a substantial likelihood of success on the merits because he fails to properly invoke this Court's jurisdiction. And, even if he made sufficient references to federal statutes to invoke this Court's jurisdiction, his Complaint contains fantastical and delusion allegations, such that he states no discernable cause of action. Additionally, he neglects to comply with the Federal Rules of Civil Procedure or the Local Rules of this

Court, which require him to provide notice to affected parties or establish that notice is not required, to support his motion with an affidavit or verified complaint, and to include a proposed order. Fed. R. Civ. P. 65(a)(1), (b)(1); Local Rules 6.01, 6.02. Sideratos's *pro se* status does not excuse him from compliance.

Accordingly, it is **ORDERED and ADJUDGED**:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE** to the extent that Sideratos fails to invoke the Court's jurisdiction with a valid Complaint and fails to allege a discernable cause of action. The Complaint is **DISMISSED WITH PREJUDICE** to the extent Sideratos asserts any claim previously dismissed with prejudice in *Sideratos v. Gualtieri*, 8:24-cv-2986-SDM-AAS.
2. The application to proceed in forma pauperis (Doc. 2) is **DENIED AS MOOT**.
3. The Emergency Motion for Preliminary Injunctive Relief (Doc. 3) is **DENIED** because Sideratos fails to show a substantial likelihood of success on the merits and neglects to comply with rules governing notice to affected parties.
4. The Emergency Motion to file Emergency Preliminary Injunctive Relief Exhibits Under Seal (Doc. 4) is **DENIED AS MOOT**.
5. The Clerk is directed to send Sideratos a standard civil rights complaint form and to **CLOSE** this case.

DONE and ORDERED in Chambers in Tampa, Florida, this 5th day of August, 2026.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**